IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DENNIS R. PIETA,
    Plaintiff,

vs.                                      Case No.: 3:13cv322/MCR/EMT

USAA GROUP and
USAA INSURANCE AGENCY, INC. OF TEXAS,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

        State court Defendants USAA Group and USAA Insurance Agency, Inc. of Texas initiated this action by filing a Notice of Removal removing a state small claims court action filed by Plaintiff in the County Court in and for Escambia County, Florida, Case No. 2013-SC-854 (doc. 1). Now pending is Defendants' Motion and Memorandum in Support of Motion to Dismiss (doc. 4). Plaintiff responded in opposition to the motion (doc. 6).

        The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration, the undersigned concludes that Defendants' motion to dismiss should be granted.

I.     BACKGROUND

        In Plaintiff's state court complaint, he alleges USAA or USAA Federal Savings Bank or both is reporting erroneous information to the three national credit reporting agencies (doc. 1-1, Amended Statement of Claim). He alleges the information is negatively affecting his credit scores and causing him financial harm (*id.*). Plaintiff seeks damages in the amount of $5,000.00 under the Fair Credit Reporting Act ("FCRA"), as well as the immediate deletion or correction of the erroneous information (*id.*).

Defendants make two arguments in their motion to dismiss (or for a more definite statement) (*see* doc. 4). Defendants first contend Plaintiff is suing non-existent and misnamed entities. They argue USAA Group is a non-existent entity, and USAA Insurance Agency, Inc. of Texas is a misnamed entity (*id.* at 1–4). Defendants allege USAA and USAA Insurance Agency are existing entities; however, Plaintiff did not name either of these entities as a Defendant (*id.*). Therefore, the court should dismiss USAA and USAA Insurance Agency for lack of proper service, pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure (*id.*).

Second, Defendants contend the complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim (doc. 4 at 4). They argue that to bring a claim for inaccurate reporting of information to a credit bureau under the FCRA, specifically, 15 U.S.C. § 1681s-2(a), Plaintiff must show (1) that the person provided information to the credit bureau, (2) the information provided was inaccurate, (3) the person providing the information knew or had reasonable cause to believe that the information was inaccurate, and (4) the plaintiff is a government agency (*id.* at 4). Defendants contend § 1681s-2(d) of the FCRA bars private suits for improper credit reporting, and because Plaintiff is not a government agency, his claim for reporting false information is subject to dismissal (*id.*). Defendants argue if Plaintiff is bringing some other claim under the FCRA, he should be required to provide a more definite statement of his claim (*id.* at 3–4).

In Plaintiff's response to the motion, he details the efforts he undertook to determine the proper entities to name as Defendants (doc. 6 at 1–2). He asserts he named USAA Insurance Agency, Inc. of Texas, because that is the only active listing for "USAA" in the records of the Florida Department of State, Division of Corporations (*id.*). He asserts he named USAA Group, because USAA Federal Savings Bank uses the same address as the registered agent for USAA Group for receiving "regular business correspondence" (*id.*). With regard to the substance of his claim, Plaintiff states USAA Federal Savings Bank is reporting incorrect data to the three major credit reporting agencies (Equifax, Experian, and TransUnion), and USAA Federal Savings Bank refused to correct its data when Plaintiff <u>directly</u> requested it to do so (*id.* at 2) (emphasis added).

II. ANALYSIS

Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations in the plaintiff's complaint, there is a dispositive legal issue that precludes relief. *See* Neitzke v.

Williams, 490 U.S. 319, 326–27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford Cnty., Ga., 960 F.2d 1002, 1010 (11th Cir. 1992). In ruling on a 12(b)(6) motion, the court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See* Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of the plaintiff's allegations. *See* Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir .2005); *see also* Iqbal, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint must be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See* Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations and emphasis omitted).

Plaintiff does not allege which provisions of the multifaceted FCRA Defendants allegedly violated. To the extent he alleges a violation of § 1681s-2(a), which sets forth the responsibilities of furnishers of information to consumer credit reporting agencies, this lawsuit is barred by the FCRA. Section 1681s-2(a) sets forth the duty of furnishers of information to provide accurate information. 15 U.S.C. § 1681s-2(a). However, the FCRA provides that the provisions of § 1681s-2(a) shall be enforced exclusively by federal and states agencies and officials identified in the FCRA, and it expressly states that the provisions providing a private cause of action for willful and negligent noncompliance with the FCRA, specifically, §§ 1681n and o, do not apply to violations of § 1681s-2(a). *See* 15 U.S.C. §§ 1681s-2(a), (c), (d); Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009) (unpublished); Green v. RBS Nat'l Bank, 288 F. App'x 641, 642 (11th Cir. 2008) (unpublished); Carruthers v. Am. Honda Fin. Corp., 717 F. Supp. 2d 1251, 1253 (N.D. Fla. 2010); *see also* Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d 1138, 1147 (10th Cir. 2012) (unpublished) (although

§ 1681s-2(a) of FCRA gives consumers a private right of action against those who violate its provisions, that right of action is limited to claims against the credit reporting agency; it does not extend to furnishers of information to agencies); Chiang v. Verizon New England, Inc., 595 F.3d 26, 36 (1st Cir. 2010); Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059–60 (9th Cir. 2002); Pelcher v. City of Miami, No. 13–20539-CIV-ALTONAGA/Simonton, 2013 WL 2107178, at *2 (S.D. Fla. May 8, 2013); Cisneros v. Trans Union, LLC, 293 F. Supp. 1167 (D. Haw. 2003); Carlson v. Trans Union LLC, 259 F. Supp. 2d 517, 519 (N.D. Tex. 2003); Riley v. GM Acceptance Corp., 226 F. Supp. 2d 1316, 1319 (S.D. Ala. 2002).

This is not to say Plaintiff was without recourse to address Defendants' alleged inaccurate reporting. While "Congress did not want furnishers of credit information [to be] exposed to suit by any and every consumer dissatisfied with the credit information furnished," Congress allows consumers to enforce the duty of accurate reporting through the FCRA's dispute process. Sanders, 689 F.3d at 1147 (citing Nelson, 282 F.3d at 1060). When the furnisher receives notice of a dispute from the credit reporting agency, it must perform the verification and correction duties described in 15 U.S.C. § 1681s–2(b). Subsection (b) provides, in relevant part:

> (b) Duties of furnishers of information upon notice of dispute
>
> (1) In general
>
> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> > **(A)** conduct an investigation with respect to the disputed information;
> >
> > **(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> >
> > **(C)** report the results of the investigation to the consumer reporting agency;
> >
> > **(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

**(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

**(i)** modify that item of information;

**(ii)** delete that item of information; or

**(iii)** permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1). The FCRA provides a private right of action for willful and negligent noncompliance with § 1681s–2(b).

In the instant case, Plaintiff does not allege his initiated this dispute process. He alleges he directly informed Defendants that certain information they were providing to credit reporting agencies was inaccurate, but Defendants refused to correct the information (*see* doc. 1-1, Statement of Claims; doc. 6 at 2). However, Plaintiff does not allege he contacted any of the credit reporting agencies about the allegedly erroneous information, or that any such agency in turn contacted Defendants. Courts have uniformly concluded that § 1681s-2(b) provides a private cause of action only if the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information was disputed. *See* Peart, 345 F. App'x at 386 (§ 1681s-2(b) may be enforced through a private right of action, but only if the furnisher received notice of the consumer's dispute from a credit reporting agency); Green, 288 F. App'x at 642; Carruthers, 717 F. Supp. 2d at 1253 (§ 1681s-2(b) applies by its plain terms only when the furnisher receives notice of a dispute from a consumer-reporting agency); Schlueter v. BellSouth Telecomm., 770 F. Supp. 2d 1204, 1207 (N.D. Ala. 2010); Quale v. Unifund CCR Partners, 682 F. Supp. 2d 1274, 1275, 1281 (S.D. Ala. 2010); *see also* Gibbs v. SL Corp., 336 F. Supp. 2d 1, 11–12 (D. Mass. 2004); Aklagi v. NationsCredit Fin. Services Corp., 196 F. Supp. 2d 1186, 1193 (D. Kan. 2002); Hasvold v. First USA Bank, N.A., 194 F. Supp. 2d 1228, 1231, 1233–34 (D. Wyo. 2002); Pelcher, 2013 WL 2107178, at *2; Sylvester v. GE Capital Retail Bank, No. 6:12-cv-341-Orl-31TBS, 2012 WL 3522691, at *2 (M.D. Fla. Aug. 14, 2012) (unpublished); New v. CitiFinancial Auto Credit, Inc., No. 1:10-cv-905-WKW, 2012 WL 2415532, at *3 (M.D. Ala. June 26, 2012) (unpublished); Howard v. DirecTV Group, Inc., No. CV-109-156, 2012 WL 1850922, at *4 (S.D. Ga. May 21, 2012) (unpublished); Shaw v. Yorke, No. 8:11-cv-00076-EAK-AEP, 2011 WL

2563177, at *2 (M.D. Fla. June 28, 2011) (unpublished); Bradley v. Sovereign Bank, No. 4:09-cv-98 (DCL), 2010 WL 2731902, at *3 (M.D. Ga. July 8, 2010) (unpublished); Quale v. Unifund CCR Partners, No. 2010 WL 1417903, at *4 (S.D. Ala. Jan. 29, 2010) (unpublished), *Report and Recommendation Adopted*, 2010 WL 1417907 (S.D. Ala. Mar. 30, 2010) (unpublished); Bosarge v. T-Mobile USA, Inc., No. 07-0012-CG-C, 2008 WL 725017, at *3 (S.D. Ala. Mar. 17, 2008) (unpublished).

In the instant case, Plaintiff does not allege he contacted any credit reporting agency or that the agency, in turn, got in touch with either Defendant. Under such circumstances, a complaint brought under § 1681s-2(b) should be dismissed. *See* Peart, 345 F. App'x at 386; Green, 288 F. App'x at 642; Carruthers, 717 F. Supp. 2d at 1253; Gibbs, 336 F. Supp. 2d at 12; Carney v. Experian Info. Solutions, Inc., 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999) (complaint fails to state a claim under 15 U.S.C. § 1681s–2(b) absent any allegation that a consumer reporting agency notified the defendant of a dispute); Sylvester, 2012 WL 3522691, at *2; New, 2012 WL 2415532, at *3; Shaw, 2011 WL 2563177, at *2; Bradley, 2010 WL 2731902, at *3; Quale, 2010 WL 1417903, at *4; Bosarge, 2008 WL 725017, at *3. Further, Plaintiff does not allege, nor do his factual allegations suggest, that Defendants (1) failed to investigate his report of inaccurate information, (2) failed to report the results of their investigation to a consumer reporting agency, or (3) found that the information was inaccurate, incomplete, or unverifiable, yet failed to take the actions required under (b)(1)(D) and (E).

Therefore, accepting as true and construing in the light most favorable to Plaintiff his allegations that he directly notified Defendants that certain information was incorrect, and Defendants refused to correct it, these allegations do not allow the court to draw the reasonable inference that either Defendant violated § 1681s-2(b), and are insufficient to raise a right to relief above the speculative level. Therefore, dismissal of this action is warranted under Rule 12(b)(6).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendants' Motion and Memorandum in Support of Motion to Dismiss (doc. 4) be **GRANTED**.

2. That this action be **DISMISSED**, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for Plaintiff's failure to state a claim upon which relief can be granted.

At Pensacola, Florida this 17th day of June 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**